SEVERO MARTÍNEZ, Appellant, v. REGISTRAR OF PROPERTY OF ARECIBO, Respondent.

No. 877.   Submitted December 13, 1932.—Decided March 10, 1933.

*L. Mercader* for appellant.   The registrar appeared by brief.

MR. JUSTICE WOLF delivered the opinion of the Court.

Juan Rodríguez was the owner of a piece of land of seven acres in Hatillo. He executed a mortgage on this property in favor of Severo Martínez. At the maturity of this obligation Martínez began a suit against Rodríguez in the Municipal Court of Arecibo and obtained judgment against the latter. On obtaining judgment, as admitted by the appellant, the marshal of the Municipal Court of Camuy, the property being located in Hatillo, sold the same without previously recording an attachment in the registry of property. When the deed of sale was presented to the registrar of property he denied its record, because the property had not been previously attached. The registrar relied on the case of *Rodríguez et al.* v. *Alonso et al.*, 37 P.R.R. 322.

The appellant maintains that this is an action where a mortgage is involved and hence that no previous attachment was necessary. The answer to this as shown by the registrar is that the suit begun by Martínez against Rodríguez was one in recovery of money and not a real action, in other words, was a personal action. *Rosales* v. *District*

*Court,* 33 P.R.R. 305. Hence, clearly the creditor in selling the property was not relying on his mortgage lien but on the one that was or could have been acquired by reason of the judgment.

If the registrar was right in maintaining that a previous attachment was necessary in cases of this sort, then his action in refusing to record the sale would have to be definitely affirmed.

It is conceded that no attachment was made in the registry of property. However, we decided in *Font* v. *Rosales,* 42 P.R.R. 606, that in personal suits for recovery of money where a judgment is obtained, in the execution thereof an attachment requiring record in the registry is unnecessary. Of course, such an execution is not binding on a third person until recorded, but we are not considering the rights of third persons. In the said case of Rosales we made it clear that what section 250 of the Code of Civil Procedure provided was that in the execution of judgments a previous levy was necessary. Such a levy may be to a large extent symbolical but it requires the marshal to go to the property and perhaps enter it or in some other way show that he has taken charge of it. In that case we showed that the nearest equivalent of the word "levy" in Spanish was *"incautación."* Perhaps the case of *Rodríguez et al.* v. *Alonso et al., supra,* could be distinguished, but in any event the later case of Rosales makes it clear that a previous attachment is not necessary, but that a levy sufficed. In the *Rodríguez* case this Court apparently was under the impression that the word "levy" was equivalent to an attachment, and in point of fact, as shown in the *Rosales* case, the word "levy" has been translated as attachment.

Examining the deed in this case we find that it recites a sale of the property as "mortgaged and attached."

The word *"embargo,"* in Spanish, it would seem, has been used in the local courts indiscriminately to mean attachment or levy. The deed shows that the property was in fact sub-

ject to an *"embargo,"* in other words "levied upon," as these words are understood in English.

The ruling appealed from will be reversed and the record made.